APPEAL OF AMERICAN ENVELOPE COMPANY.

Docket No. 5815.    Decided September 28, 1926.

*H. A. Mihills, C. P. A.*, for the petitioner.
*P. S. Crewe, Esq.*, for the Commissioner.

TRUSSELL: This proceeding has been brought for the redetermination of deficiencies in income and profits taxes for the year 1920 in

the amount of $3,264.10, and for the year 1921 in the amount of $2,245.64, totaling $5,509.74.

Only so much of such deficiencies are here in controversy as result from the Commissioner's inclusion in corporate income for the year 1920 of $1,960.21, interest on obligations of the United States, and failing to deduct the same in computation of the normal tax, and from the exclusion from allowable deductions of the amount of $5,100 paid during 1920 for an architect's building plans and drawings.

The Commissioner's answer admits error in respect to the inclusion of interest on obligations of the United States.

### FINDINGS OF FACT.

The petitioner is an Illinois corporation doing business in the City of Chicago. During the year 1920 and for several years prior thereto the petitioner had carried on its business upon leased premises at 817–825 West Washington Boulevard. Prior to 1920 it had acquired and at that time owned land which is now known at 3100 West Grand Avenue. During 1920 it had under consideration a proposition to erect a building for its use upon its own property at the last above street number and it employed an architect to prepare plans and specifications for such a building. These plans were completed on or about December 8, 1920, and at or about that date it called for bids for constructing a building in accordance with such plans. During the year 1920 it paid to the architect $5,100 for his services in preparing building plans and specifications.

At that time R. P. Murray was president of the company and owner of 45 per cent of its capital stock. Henry G. Steinson was secretary and treasurer of the company and the owner of 55 per cent of its capital stock. At about the time of calling for bids for the erection of the proposed building differences developed between these two stockholders and after getting estimates of building construction Murray determined that he preferred not to go through with the building project and, in order that he might withdraw from the company, made a proposition under which Steinson might purchase his (Murray's) stock. Negotiations for the purpose of carrying out this plan were immediately entered upon. In December, 1920, Murray resigned as president of the corporation and Steinson was elected to succeed him. No further consideration was at that time given to the building project and shortly thereafter the building site was offered for sale. On or about March 11, 1921, Murray's stock was purchased by the corporation for the sum of $225,000. Thereupon, Steinson became the owner of all the outstanding capital stock of the company.

At the beginning of the negotiations for the retirement of Murray, Steinson abandoned for the time being any thought of proceeding with the erection of a building for the use of the company. No action was ever taken upon the bids received in December, 1920, for constructing such a building. The lot at 3100 West Grand Avenue was not sold, and in the year 1924 the petitioner erected a building upon that property, constructed in accordance with new plans and specifications, and the plans purchased and paid for in the year 1920 have never been used. The total cost of these plans was something more than $5,100, but $5,100 was the amount paid and entered upon the books of the company for the year 1920. Some two or three hundred dollars more was paid to the architect during the year 1921.

In making its income and profits-tax return for the year 1920 the petitioner claimed this sum of $5,100 as a loss during that year. The Commissioner disallowed such deduction.

> *Order of redetermination of deficiencies will be made, (1) giving effect to the elimination of the amount of $1,960.21, interest on United States obligations from corporate income subject to normal tax for the year 1920, and (2) in other respects approving the findings of the Commissioner, on 15 days' notice, under Rule 50.*